

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Briston v. Wholey

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Briston v. Wholey" (2009). *2009 Decisions*. Paper 1995.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1995

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-66**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3854

DARRYLL LELAND BRISTON,
Appellant

v.

MATTHEW WHOLEY, ESQUIRE

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-08-cv-00935)
District Judge: Honorable Gary L. Lancaster

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 24, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: January 22, 2009)

OPINION

PER CURIAM

On November 2, 2004, Appellant Darryll Leland Briston was convicted in the

District Court for the Western District of Pennsylvania of deprivation of civil rights under

color of law, theft from an organization receiving federal funds, and two counts of

obstruction of justice. The conduct at the heart of the conviction involved Briston's

unlawful seizure of roughly $5,800 found during the execution of an arrest warrant when

he was then chief of the Rankin, Pennsylvania Police Department. A few months after he

was convicted in federal court, Briston was charged in the Allegheny County Court of

Common Pleas with perjury for allegedly giving false testimony during a state

investigation into the same conduct that produced his federal conviction. Briston

unsuccessfully challenged the perjury charge in state court as a violation of

Pennsylvania's double jeopardy statute, 18 Pa. Cons. Stat. § 111. After several

continuances, Briston's state trial is currently set to begin on March 30, 2009. See

Commonwealth v. Briston, CP-02-CR-0005573-2005 (criminal docket pg. 1).

On July 7, 2008, Briston filed a "Notice of Removal," which the District Court

properly construed as a petition for habeas corpus under 28 U.S.C. § 2241(c)(3). Therein,

Briston alleged that the ongoing state prosecution violates his Fifth Amendment

protection from double jeopardy because it is based on the same conduct that resulted in

his federal conviction. The District Court found that Briston had not exhausted his

federal double jeopardy claim at the state level, and that he was unable to demonstrate the

"extraordinary circumstances" needed to circumvent non-exhaustion. See Moore v.

DeYoung, 515 F.2d 437, 443 (3d Cir. 1975). As such, the District Court found that the

habeas petition's underlying claim was procedurally defaulted. We disagree.

A habeas petitioner "need not have cited 'book and verse' of the federal

2

constitution" in order to "fairly present" a federal claim at the state level for purposes of exhaustion. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). Indeed, he may present the claim through any of the following mechanisms:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Id. at 261-62 (quoting Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1232 (3d Cir. 1992)). After reviewing both Briston's "Rule 18 Pa. C.S.A. § 111 Motion to Dismiss" before the Court of Common Pleas and his brief on appeal in the Pennsylvania Superior Court, it is fair to say that Briston had asserted his double jeopardy claim "in terms so particular as to call to mind" the Fifth Amendment's proscription of double jeopardy. Id. It follows, then, that he fully exhausted his federal double jeopardy claim prior to filing his federal habeas petition.

Nonetheless, the District Court correctly found that even if it were to entertain the merits of Briston's habeas petition, the "dual sovereignty doctrine" barred the relief he sought. See Bartkus v. Illinois, 359 U.S. 121, 132-33 (1959) (separate federal and state prosecutions for same conduct does not violate double jeopardy clause).

There being no substantial question presented by Briston's appeal from the dismissal of his § 2241 habeas petition, we will summarily affirm the District Court's order dismissing the case. See LAR 27.4; I.O.P. 10.6.

3